**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) NO. 3:19-CR-19-GFVT-MAS<br>**JOSHUA STEPHEN BYBEE,** )<br>)<br>Defendant. )<br>)<br>) | |

**REPORT & RECOMMENDATION**

The Court, on referral from the District Court, considers reported violations of supervised release conditions by Defendant Joshua Stephen Bybee. On March 15, 2023, United States District Judge Gregory F. Van Tatenhove sentenced Bybee to an 18-month term of imprisonment followed by a 3-year term of supervised release upon his plea of guilty to the charge of making a false statement during the purchase of a firearm. On June 15, 2022, the United States Probation Office ("USPO") issued a Supervised Release Violation Report charging Bybee with violations of the conditions of his supervised release. This Report and Recommendation recommends the District Court find Bybee guilty of one of the violations, dismiss the remaining violations on the motion of the government, and extend Bybee's term of supervision until the end of 2023.

## PROCEDURAL HISTORY

On June 1, 2022, Bybee submitted a urine sample at his place of employment which tested positive for oxycodone on an instant testing device. USPO collected the sample and submitted it to Alere Toxicology, which returned a lab report indicating positive results for oxymorphone. This constitutes a Grade C violation. Bybee's oxymorphone use is also a violation of the Controlled Substance Act. Due to the Sixth Circuit Court of Appeal's ruling that use is the equivalent to possession, simple possession of oxymorphone constitutes conduct that would result in a violation of KRS § 218A.1415, a Class D felony. Per the United States Sentencing Guidelines, the latter offense is a Grade B violation. Bybee had previously reported violations for use of Suboxone not prescribed to him on November 3, 2020, and again on February 21, 2021. Bybee admitted to using Suboxone and hydrocodone on February 21, 2022. At that time UPSO recommended the Court take no action, and Bybee was referred to an inpatient facility for substance use disorder treatment. Bybee entered Crown Recovery Center for inpatient treatment on March 25, 2021, and completed the program on May 11, 2021.

The Court conducted an initial appearance on the most recent alleged supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on June 23, 2022. [DE 39]. The Court advised Bybee of his constitutional rights. The United States did not request interim detention; thus, Bybee was not entitled to a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(b)(1)(A). The Court ordered he be released until a determination of his revocation status is reached.

The Court first scheduled a final hearing for July 13, 2023. [DE 42]. At that hearing, the United States moved the Court to continue the hearing for six months to permit Bybee to participate in substance use treatment. The United States requested that USPO have access to his drug screenings at the treatment facility and stated that if Bybee did not have any additional violations, it intended to dismiss the violations at the end of six months. [DE 43]. The Court granted the request and continued the final hearing until January 18, 2023. [DE 43 and 44].

On January 6, 2023, just prior to the continued final hearing, USPO submitted an addendum to the violation report, adding two new violations. The violations both related to an arrest warrant and Complaint issued for Bybee out of Boone County, Kentucky, District Court for flagrant non-support because Bybee was $11,772.04 in arrears in his child support payments. Violation 3 was a Grade B violation for a felony violation of Kentucky law and Violation 4 was a Grade C violation for violation of the special condition that he support his dependents and meet his family obligations. At the hearing on January 18, 2023, the Court conducted an initial appearance on the two new violations. The United States represented it was still willing to dismiss the first two violations related to his substance use because there had been no positive drug screens and he had been successful in his treatment program. Bybee stated the warrant from Boone County had been recalled, and he believed the matter would be dismissed in its entirety in state court or amended down to a misdemeanor. Bybee requested time to resolve the state court action while the United States expressed concern that continuing the matter excessively would risk

3

extending it beyond Bybee's release from supervision in July 2023. Ultimately the Court continued the final hearing once more to March 15, 2023, to allow Bybee time to resolve the state court matter.

At the final hearing on March 15, 2023, the United States moved to dismiss Violations 1, 2, and 3. The Court found Bybee to be competent to enter a knowing, voluntary, and intelligent stipulation to Violation 4. For purposes of the Rule 32.1 proceedings, Bybee admitted the factual basis for Violation 4 as described in the addendum to the Supervised Release Violation Report. Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e). [DE 44].

Violation 4 is a Grade C violation. Bybee's criminal history at the time of sentencing was a Category III. The parties agree that under these circumstances the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") propose a sentence of 5 to 11 months, with a statutory maximum of 24 months. *See* 18 U.S.C. § 3583(e)(3). If the Court revokes Bybee's supervision, the maximum term of supervised release that can be reimposed is three years, minus any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(b).

## ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Bybee's violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e).

In recommending a sentence, the Court must consider the nature and circumstances of Bybee's original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583(e), and the Sentencing Guidelines range. *See also United*

4

*States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Bybee's original conviction knowingly making a false statement to purchase a firearm, specifically that he was not subject to a Domestic Violence Order at the time of the firearm purchase. [DE 1].

Reviewing at Bybee's history and characteristics, Bybee had two misdemeanor criminal convictions prior to his federal indictment, one of which included threats to use a firearm on a female companion. The United States proffered that though the Boone County child support office requested an arrest warrant be issued for Bybee, there was no criminal case against Bybee in Boone County for flagrant non-support, nor had there ever been in 2022 or 2023 (despite the information presented in the addendum and at the January 2023 hearing).

The District Court imposed an 18-month term of imprisonment followed by a 3-year term of supervised release at Bybee's original sentencing. The term of imprisonment was in the middle of the Guidelines range of 15 to 21 months'. *See* U.S.S.G. 7B1.4 n.4 (counseling that when there was a downward departure at sentencing, "an upward departure may be warranted" on revocation); *see* 18 U.S.C. § 3553(a)(6) (considering "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Moreover, once he violated his release conditions in November 2020 and February 2021, he was given another opportunity to be released into inpatient treatment (rather than have his supervision revoked), which he successfully completed.

Bybee proposes a sentence far below the Guidelines Range—he proposed a modification of extending his term of supervised release rather than revoking it.

5

Bybee pointed to the many positive steps he has taken towards sobriety and becoming a productive member of society, including substance use treatment, getting a stable job and then a promotion, buying a house, getting married, and making voluntary child support payments in an effort to get caught up on his arrearage. Bybee also notes that he is only a few months from completing his term of supervision. Bybee argued that revoking his supervision would result in losing the positive progress he's made in his life as he approaches the end of his term of supervision. Bybee allocuted at the hearing, expressed remorse for his past behavior and hope for a better future.

The United States mentioned revocation with a sentence at the bottom of the Guidelines as a possible consequence, but also does not oppose modifying, rather than revoking, Bybee's term of supervision. The United States acknowledged that a modification would likely be more appropriate in this case, though also pointed out that Bybee has had several violations during his term of supervision. The United States express concern that Bybee has an obligation to support his child and that that obligation is incorporated into the terms of his supervision and requested that the Court take that obligation into consideration in crafting a consequence.

The Court, in reviewing the record, finds that in this circumstance modification rather than revocation is appropriate. The only violation before the Court is the violation of the special condition that Bybee "must support [his] dependents and meet other family responsibilities." All agree that although Bybee has not paid his child support in the past, much of his arrearage was incurred when he was incarcerated, that he is paying his obligation at this time, and that sending Bybee back to prison

6

will not further the goal of encouraging him to meet his child support obligations. *See* 18 U.S.C. § 3553. Thus, the Court believes that modifying the conditions of Bybee's supervision to extend it for 5 months and 16 days (until the end of 2023) will be sufficient but not greater than necessary to deter Bybee from engaging in nonsupport and other noncompliant conduct.

## CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS**:

(1) Violations 1, 2, and 3 be dismissed on the motion of the United States;

(2) Bybee be found guilty of Violation 4;

(3) The current term of supervision be extended for 5 months and 16 days, until December 31, 2023.

Bybee preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

7

Entered this 25th day of April, 2023.

                                          MATTHEW A. STINNETT  
                                          UNITED STATES MAGISTRATE JUDGE  
                                          EASTERN DISTRICT OF KENTUCKY