UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 3:19-cr-00019-GFVT-MAS |
| v. | ) ) ) | **ORDER** |
| JOSHUA STEPHEN BYBEE, | ) ) | |
| Defendant. | ) ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Matthew A. Stinnett. [R. 45.] Defendant Joshua Bybee has been charged with violations of his supervised release. In 2022, Mr. Bybee was sentenced to 18 months of imprisonment, followed by three years of supervised release, after pleading guilty to one count of making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 924(a)(1)(A). [R. 25.]

Mr. Bybee has now violated the conditions of his supervised release twice. In November 2020, Mr. Bybee admitted to taking a Suboxone tablet without a prescription. The Court allowed him to remain on supervision. In March 2021, he admitted to again using suboxone and hydrocodone, though urinalysis testing revealed suboxone and oxycodone. The Court again allowed him to continue on supervision so long as he was admitted to long-term inpatient treatment, which he completed in May 2021.

In June 2022, the USPO issued a Report claiming that Mr. Bybee violated the conditions of his supervised release by testing positive for oxycodone. [R. 112 at 2.] This conduct violated

the conditions prohibiting unlawful drug use and commission of another federal, state, or local crime.  *Id.*  These are Grade C and B violations, respectively. [1]

On June 23, 2022, Mr. Bybee appeared before Judge Stinnett for his initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 39.]  The United States did not seek detention.  *Id.*  On July 13, 2023, Mr. Bybee appeared before Judge Stinnett for his final hearing.  [R. 42.]  The United States asked for the hearing to be continued for six months to allow Mr. Bybee to attend treatment, which the Court granted.  *Id.*  The final hearing was scheduled for January 18, 2023.  *Id.*

On January 6, the USPO issued an addendum alleging two additional violations.  It alleged that Mr. Bybee is $11,772.04 in arrears in his child support payments.  This constitutes violations of his conditions not to commit another federal, state, or local crime and to support his dependents.  These are Grade B and C violations, respectively.

Judge Stinnett conducted an initial appearance on the new violations during the January 18 hearing.  The Court again continued the final hearing to March 15, 2023.  [R. 43.]  At the final hearing, the United States moved to dismiss Violations 1, 2, and 3.  [R. 44.]  Mr. Bybee stipulated to Violation 4.  *Id.*  Judge Stinnett also found that Mr. Inman "competently, knowingly, voluntarily, and intelligently stipulated to Violation 4."  *Id.*  The Defendant sought modification of his existing term of supervised release rather than revocation.  [R. 45 at 5-6.]  The United States "mentioned" revocation with a low-guidelines sentence of five months but did not oppose modification.  *Id.* at 6.

---

[1] Because use of an illegal substance equals possession, his use of marijuana constitutes a Class E felony in violation of 21 U.S.C. § 844(a).

Judge Stinnett evaluated the entire record and considered all of the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Stinnett recommends extending Mr. Bybee's current term of supervision for an additional 5 months and 16 days. [R. 45 at 7.] Judge Stinnett recognized that Mr. Bybee has been making progress on his payments and that him returning to prison would hinder this progress. *Id.* at 6-7.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 7; *see* 28 U.S.C. § 636(b)(1). Mr. Bybee has not filed any objections to Judge Stinnett's Report and Recommendation and waived his right to allocution. [R. 46.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 45] is **ADOPTED** as and for the Opinion of the Court;

2. Violations 1, 2, and 3 are **DISMISSED**;

3. Mr. Bybee is found **GUILTY** of Violation 4;

4. Mr. Bybee's term of supervision **SHALL** be extended for 5 months and 16 days, until December 31, 2023; and,

5. Judgment shall enter promptly.

This the 15th day of May, 2023.

Gregory F. Van Tatenhove
United States District Judge